UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JASON GODINHO (3),<br><br>    Defendant. | Case No. 19cr4770-WQH<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

Having reviewed the foregoing Motion of the United States for Issuance of a Preliminary Order of Criminal Forfeiture and good cause appearing,

The Motion is hereby GRANTED. The Court makes the following findings, conclusions, and orders:

1. On or about February 3, 2022, a Second Superseding Information was filed against the above-named Defendant, JASON GODINHO (3) ("Defendant"). The Second Superseding Information charged the Defendant with conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and Criminal Forfeiture pursuant to 21 U.S.C. § 853.

2. On or about February 3, 2022, the Defendant pled guilty before this Court to Count 2 of the Second Superseding Information and agreed to forfeit all properties seized in connection with this case, including one 2012 Chevrolet Tahoe SUV, California License Number 6TMH793, VIN 1GNSCBE09CR134906

("the vehicle"), which Defendant admitted was property involved in the offense to which he entered his guilty plea, and forfeitable pursuant to 21 U.S.C. §§ 846 and 841(a)(1).

3. The Defendant also agreed to forfeit proceeds received by the Defendant in the amount of $381,667.00 as a forfeiture money judgment pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure. The Defendant further agreed to deliver $381,667.00 to the Drug Enforcement Administration / United States Marshals Service on or before the first date of sentencing set by the Court.

4. By virtue of Defendant's guilty plea to Count 2 of the Second Superseding Information and the Court's findings, the United States is now entitled to forfeiture of all property involved in the offense of conviction from the Defendant in the amount of $381,667.00 as a forfeiture money judgment, pursuant to 21 U.S.C. § 853, and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

5. The Defendant agreed that the provisions for the substitution of assets as provided in 18 U.S.C. § 982(b) which incorporates 21 U.S.C. § 853(p) and agreed the United States may take actions to collect the $381,667.00 forfeiture.

6. By virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States established the requisite nexus between the forfeitable property and the offense.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following asset, and all right, title, and interest of Defendant JASON GODINHO (3) in it is hereby forfeited to United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

//

//

1  One 2012 Chevrolet Tahoe SUV, California License Number 6TMH793
2  VIN 1GNSCBE09CR134906 ("the vehicle").

3  2. The aforementioned forfeited vehicle is to be held by the United States Marshals Service in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the vehicle in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the vehicle must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited vehicle and any additional facts supporting the petitioner's claim and the relief sought.

//

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the vehicle that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. §853(n) as to the aforementioned vehicle, in which all interests will be addressed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

8. In addition to forfeiture of the property described above, Defendant JASON GODINHO shall forfeit to the United States the amount of $381,667.00 as a forfeiture money judgment, pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961.

9. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture, including collecting and enforcing the forfeiture of the $381,667.00.

10. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

Dated: April 7, 2022

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court